**Keisha J. JONES, Appellant,**

**v.**

**U–HAUL COMPANY OF the DISTRICT OF COLUMBIA, INC., and U–Haul International, Inc., Appellees.**

No. 04–7179.

United States Court of Appeals, District of Columbia Circuit.

Sept. 27, 2005.

Michael Harris Anestos, Anestos & Anestos, Rockville, MD, for Appellant.

Creighton Reid Magid, Matthew Michael Wright, Dorsey & Whitney, Washington, DC, for Appellees.

Before: HENDERSON, BROWN and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel. It is

ORDERED that the judgment from which this appeal has been taken be affirmed. Keisha J. Jones appeals the district court's grant of summary judgment on her claim for defamation against appellees U–Haul Company of the District of Columbia, Inc. and U–Haul International, Inc. (U–Haul). "Summary judgment is appropriate if 'there is no genuine issue as to

any material fact and ... the moving party is entitled to a judgment as a matter of law' "; a genuine issue exists "only if 'a reasonable jury could return a verdict for the nonmoving party.' " *Taylor v. Small,* 350 F.3d 1286, 1290 (D.C.Cir.2003) (quoting Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (alteration in original)). The district court correctly concluded that U–Haul was entitled to judgment as a matter of law because Jones "fail[ed] to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] w[ould] bear the burden of proof at trial,' " *id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), namely, that the appellees were negligent in publishing the allegedly defamatory statements, *see Beeton v. District of Columbia,* 779 A.2d 918, 923 (D.C.2001). Based on the undisputed evidence that U–Haul undertook a reasonable investigation of Jones's conduct and that Jones was unable to explain the discrepancies in receipts bearing her signature, no reasonable juror could conclude that U–Haul was negligent, that is, that it " 'fail[ed] to observe an ordinary degree of care in ascertaining the truth' " of the allegedly defamatory statements before publishing them to others. *Kendrick v. Fox Television,* 659 A.2d 814, 822 (D.C. 1995) (quoting *Moss v. Stockard,* 580 A.2d 1011, 1025, 1026 (D.C.1990) (alteration added)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.